INHABITANTS OF MT. DESERT *vs.* INHABITANTS OF TREMONT.

Hancock.     Opinion June 7, 1881.

*Towns, division of.   Liability of the new town when it is to pay a portion of existing liabilities.   Special laws, 1848, c. 98.*

Where an act of the legislature dividing a town and incorporating a new town provided that the new town should be holden to pay to the parent town a certain proportion of the debts and liabilities of such town existing at the time of the separation, the parent town, while primarily liable for the whole, and acting in its own behalf, became the agent of the new town, so far as it was interested, in defending an action brought to establish any such liability; and if in defending any such suit the parent town acted in good faith, and with due diligence and skill, the new town would be bound by the result of the action and the judgment would be conclusive upon it.

In such a case it is not necessary that the new town should be notified of the pendency of the action against the old town.

ON REPORT.

An action to recover such portion of the sum of $1200, paid by the town Mt. Desert, in a settlement of judgment upon a liability of that town existing June 3, 1848, when the town of Mt. Desert was divided and the town of Tremont was incorporated, as is provided by the act of separation, special laws, 1848, c. 98.

The opinion states the case.

*L. A. Emery,* for the plaintiffs, cited: *North Yarmouth* v. *Skillings,* 45 Maine, 133 ; *State* v. *Madison,* 59 Maine, 538 ; *Cyr* v. *Dufour,* 62 Maine, 20 ; *Topsham* v. *Lisbon,* 65 Maine, 449 ; *Brewster* v. *Harwich,* 4 Mass. 278 ; *Godfrey* v. *Rice,* 59 Maine, 308.

*A. P. Wiswell,* for the defendants.

No notice was given to the town of Tremont to appear and defend, or take part in the defence of, the action of Kimball against the town of Mt. Desert. There can be no question then, that any defence which Mt. Desert could or should have made to the original action can now be made by these defendants, it being the first opportunity they have had to be heard upon that question. And the judgment rendered in that case cannot be conclusive against Tremont, not having been a party or privy to the action. Counsel then ably argued the questions which arose in the case of *Kimball* v. *Mt. Desert*, contending that Kimball had no legal claim against Mt. Desert and that therefore, at the time of the separation, as there was no liability upon the part of Mt. Desert to pay Kimball anything, and as the suit of Kimball against Mt. Desert was not then pending, the act of separation imposed no liability on the defendants to pay any part of the Kimball judgment.

LIBBEY, J. This action is brought to recover of the defendants their proportion of the sum paid by the plaintiffs to Daniel Kimball in discharge of a judgment recovered by him against them on a claim for property taken by warrant of distress against Mt. Desert, prior to June 3, 1848.

At their October term, 1837, the county commissioners of Hancock county located a county way in Mt. Desert, and ordered it opened in two years. At their April term, 1846, a petition was presented for the appointment of an agent to open the way, and an agent was duly appointed therefor, who made a contract for constructing and opening the way; and afterwards presented his account of his disbursements, which was allowed and judgment duly entered up by said commissioners, in his favor for $927.71, at their November term, 1847.

No objection is made to the regularity of the proceedings after the appointment of the agent to the allowance of his account.

On this judgment a warrant of distress was issued against the town, February 8, 1848; and by it the sheriff of the county, on the 22d of April, 1848, took and sold the property of said Kimball, who was an inhabitant of the town.

By c. 98 of special laws of 1848, approved June 3, 1848, the town of Mt. Desert was divided, and a portion of it was incorporated a new town by the name of Mansel. By c. 160 of the special laws of the same year, the name of the new town was changed to Tremont.

Section two of the act of separation is as follows: "Said town of Mansel shall be holden to pay the said town of Mt. Desert such proportion of the debts and liabilities of the said town of Mt. Desert, beyond their resources now existing, and which may hereafter arise in consequence of any and all suits at law now pending against or in favor of said town of Mt. Desert; and also assume the support of such proportion of all persons, supported as permanent or occasional paupers by said town of Mt. Desert, as the last valuation of that portion set off hereby, bears to the whole valuation of the town of Mt. Desert."

Section three provides for the payment by the inhabitants of the town of Mansel of all taxes which had been assessed upon them by Mt. Desert and remain unpaid. Section four provides for an equitable division of the school money which had been raised by Mt. Desert.

It is agreed that the proportion of the valuation of the new town to the whole valuation of the old at the time of division was as fifty-six to one hundred.

On July 28th, 1848, said Kimball commenced an action in the district court for said county, returnable at the October term, against the town of Mt. Desert for the value of his property taken and sold on the warrant of distress against the town. The action was duly entered when the defendants appeared by counsel and it was continued to the April term 1849, when it was taken by appeal to the Supreme Judicial Court, and was duly entered in said court and continued to the May term, 1850, when it was tried to the jury, and a verdict rendered for the plaintiff for $426.80 damages; and judgment was duly rendered for that sum and $58.23 costs.

On that judgment said Kimball brought an action in said court at the April term, 1865, and recovered judgment for $930.00 debt and $21.26 costs.

On the second judgment said Kimball brought an action in said court, at the April term, 1869, and recovered judgment for $1157.85 debt, and $11.24 costs.

On the last named judgment said Kimball brought an action in said court at the October term, 1872, and recovered judgment for $1401.25 debt and $12.07 costs.

On the first of June, 1876, the plaintiffs settled with Kimball and procured a discharge of the last named judgment for the sum of $1200.

The great contention between the parties is as to the effect to be given to said judgments in this case. The plaintiffs claim that they are conclusive upon the defendants as to the validity and amount of the claim of Kimball against the town of Mt. Desert, at the time of the separation; and on the other hand the defendants claim that they are not conclusive upon them, but that they may now show that Kimball had no legal claim against the town. And to show this they rely, principally upon two grounds. 1. That more than six years had elapsed from the time the way was to be opened when the petition was presented to the commissioners for the appointment of an agent to open it, and that therefore, the way had become discontinued, and the commissioners had no jurisdiction to appoint an agent. 2. That the warrant of distress was void because it was issued without notice to the town of the allowance of the agent's accounts, and was not in the form required by law.

The question presented is not free from doubt. We are aware of no decided case precisely in point, and must, therefore, apply to the determination of the question, the intention of the legisture, as expressed in the act of separation, and established principles of law applicable to it.

It appears to have been the intention of the legislature in making the division and incorporating the new town, that, while in law the town of Mt. Desert should remain liable for all debts and liabilities then existing and all actions then pending, the inhabitants of the new town should remain liable for their just share of such debts and liabilities, and the results of such actions, in excess of the resources of the old town, as if no division had

been made, and we think it may well be held that under the provisions of the act, the town of Mt. Desert, while primarily liable for the whole, and acting in its own behalf, became the agent of the new town, so far as it was interested,.in defending any action then pending or afterwards brought, to fix and establish the liability of the town of Mt. Desert for any claim made against it; and in doing so, acting in good faith, and with due diligence and skill, the new town is bound by the result of the action.

This clearly seems to be so in regard to "actions pending against or in favor of said town of Mt. Desert," for their share of the results of which the inhabitants of the new town were to be liable, and we think the same rule should be applied to the debts and liabilities not in suit at that time.

There is no suggestion of bad faith or want of diligence or skill in the defence of Kimball's action.

Well established legal principles seem to lead to the same result. In an action by a creditor against the fraudulent vendee or grantee of his debtor, for the property held by him in fraud of creditors, it is incumbent on the plaintiff to prove that he held a valid debt at the time of the conveyance; and in *Sidensparker* v. *Sidensparker*, 52 Maine, 481, this court held that a judgment in favor of the plaintiff against the debtor, rendered in an action commenced after the conveyance, was conclusive upon the vendee or grantee, as to the validity of the debt and its amount, unless the court rendering the judgment had no jurisdiction, or it was obtained by fraud or collusion, or erroneously and unlawfully entered up.

In an action by a creditor of a corporation against a stockholder, based on the liability of the stockholder for the corporate debts, it is incumbent on the plaintiff to prove his debt; and it is well settled that a valid judgment against the corporation is conclusive upon the stockholder as to the validity of the debt and its amount. *Milliken* v. *Whitehouse*, 49 Maine, 527.

In *Tracy* v. *Goodwin*, 5 Allen, 409, it was held that a judgment recovered without fraud or collusion, against a constable for a wrongful attachment of the goods of a third person on a

writ, is conclusive evidence both as to damages and costs, in an action against him and his sureties upon his bond, executed by them jointly and not severally.

The principles decided in these cases apply with more or less force to the case at bar. In each of them it was incumbent on the plaintiff to prove his claim, and the parties held to be bound by the judgments had no opportunity to be heard in the actions in which they were rendered; but they were bound by the proceedings in the action establishing the relation of debtor and creditor and the amount of the debt.

It is claimed that to render the judgment conclusive upon the defendants, they should have been notified of the pendency of the action that they might have had an opportunity to defend. The answer is that the plaintiffs were primarily liable for the whole claim, and ultimately for nearly one half, and therefore, could not be required to give up to the defendants the defence of the action; and further, when Kimball's claim accrued the defendants were inhabitants of the plaintiff town, and in privity with it, and as to that claim, the privity did not cease by the terms of the act incorporating them.

Upon the whole we are satisfied that the obligation imposed upon the defendants by the act of separation, is that they shall pay their proportion, as fixed by the act, of all debts and liabilities then existing against the town of Mt. Desert, legally established by judgment of the court; and that the judgments in favor of Kimball are conclusive.

It is suggested that the case does not show the amount of the resources of the plaintiffs at the time of the separation; but, as by the terms of the report, if the action is maintainable it is to stand for trial, that matter will be open to the parties.

*Action to stand for trial.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.